1  Alisa A. Martin, State Bar No. 224037
   **AMARTIN LAW**
2  600 West Broadway, Suite 700
   San Diego, CA 92101
3  Telephone:  (619) 308-6880
   Facsimile:  (619) 308-6881
4

5  Sandra Brennan, State Bar No. 149075
   Lindsay C. David, State Bar No. 283267
   **BRENNAN & DAVID LAW GROUP**
6  2173 Salk Avenue, Suite 250
   Carlsbad, CA 92008
7  Telephone: (760) 730-9408
   Facsimile:  (760) 888-3575
8

9  *Attorneys for Plaintiff and the Class and Collective*

10

11                    **UNITED STATES DISTRICT COURT**

12                    **NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| BRIAN WILSON on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR:** |
| TESLA, INC., a corporation, | 1. FAILURE TO PAY OVERTIME WAGES (FLSA)<br>2. FAILURE TO PAY MINIMUM WAGE (CAL. LAB. CODE)<br>3. FAILURE TO PAY OVERTIME (CAL. LAB. CODE)<br>4. FAILURE TO PROVIDE MEAL BREAKS (CAL. LAB. CODE)<br>5. FAILURE TO PROVIDE REST BREAKS (CAL. LAB. CODE)<br>6. FAILURE TO PROVIDE PROPER WAGE STATEMENTS (CAL. LAB. CODE)<br>7. UNLAWFUL BUSINESS PRACTICES (CAL. BUS. & PROF CODE §17200 *ET SEQ.*) |
| Defendants. | **JURY TRIAL DEMAND** |

## I. NATURE OF ACTION

**1.** Plaintiff Brian Wilson ("Wilson") asserts claims against his employer, Tesla, Inc. for misclassifying Owner and Sales Advisors as exempt from overtime and failing to pay overtime, provide breaks, and provide proper wage statements. Based upon personal knowledge, information and belief, Wilson alleges the following:

## II. JURISDICTION

**2.** This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, the Class Action Fairness Act of 2005, because the amount in controversy exceeds $5 million and because minimum diversity is met since at least one party is diverse from Tesla because Tesla is headquartered in California and the putative collective members are citizens of several states.

**3.** This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) over Plaintiff's Fair Labor Standards Act claim.

**4.** This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

## III. VENUE

**5.** Pursuant to 28 U.S.C. § 1391(b), this Court is the proper venue for this action. Plaintiff resides in this District, this Court has personal jurisdiction over Tesla under 28 U.S.C. § 1391(c), and a substantial amount of the events giving rise to the claim occurred in this District.

## IV. INTRADISTRICT ASSIGNMENT

**6.** Assignment to San Francisco Division is proper because a substantial part of the events giving rise to the claims asserted herein occurred in Alameda County since that is Tesla's principal office in which it handles and makes business decisions regarding employment matters.

## V. PARTIES

**7.** **Plaintiff**: Wilson resides in Laguna Hills, California, is employed by Tesla as an Owner Advisor, is classified as exempt, and is paid a salary plus bonus.

**8.** **Defendant:** Tesla is a Delaware corporation with principal places of business in Fremont, California and Palo Alto, California. Tesla employs individuals in California and throughout the United States. Tesla's alleged acts were authorized, directed or accomplished by its agents, officers, employees

or representatives, while actively engaged in the operation and management of its business.

## VI. BACKGROUND

### Tesla's Business

9. Tesla is an automaker and a technology and design company that focuses on energy innovation. Tesla does not sell its automobiles via dealerships, but instead uses a factory-direct sales system with non-negotiable pricing. Tesla has showrooms across the nation in which a few cars are available for test drives and purchase. Most cars are purchased through Tesla's online order system. Tesla does not employ commissioned salespersons, but instead staffs its showrooms with Tesla-trained advisors, who essentially work as non-commissioned salespersons.

10. Tesla classifies its Owner and Sales Advisors as exempt and pays them salaries plus quarterly bonuses based on store performance.

11. Wilson currently works at Tesla as an Owner Advisor, which is the same as a Sales Advisor.

### Misclassification

12. Wilson and the other Owner and Sales Advisors did not perform duties to warrant exemption. As indicated in Tesla's written job description, the responsibilities and requirements for Owner and Sales Advisors are as follows:

> **Description**
>
> Our Owner [Sales] Advisors are the critical contributors to accelerating the adoption of sustainable transportation. In this role you will be responsible for building a robust pipeline of leads and converting them into Model S and Model X owners through charismatic presentation of our product and superb follow-through.
>
> You will be challenged to support your sales peers, build customer relationships, educate others about electric ownership and match the benefits of our cars to the needs of your customers. At the end of the day, you will be measured and rewarded by your ability to close business and also your ability to create Tesla-evangelists who will tell our story to their friends and family.
>
> To succeed at Tesla, you must be energetic, highly organized, and hard working. You should have a passion for electric vehicles and the ability to create exceptional customer experiences. While individual contributions will be recognized, teamwork is essential to achieve the highest level of success. We will reward team players who help others succeed and empower the team around them.

**Responsibilities**

- Meet or exceed monthly sales targets
- Drive a high level of pipeline activity
- Deliver exceptional customer service
- Display creativity / ingenuity in presenting solutions (financial, technical, lifestyle, practical) to customers considering but uncertain about going electric
- Plan and execute outbound events and sales networking activities
- Co-pilot customer test drives
- Represent Tesla in a professional and responsible manner

**Requirement**

- 2+ years sales experience with proven track record to meet or exceed goals
- Self-starting entrepreneur with exceptional time management skills and great attention to detail
- Ability to prioritize multiple projects and adhere to business-critical deadlines
- Excellent written and verbal communication skills
- Ability to communicate relevant information to all levels of the organization
- Dedicated and ethical approach to sales and sales operations
- Ability to develop collaborative relationships and act as a well-respected, trusted partner that others want to work with
- Ability to work evenings and weekends in a retail environment
- Valid driver's license in the country in which you are applying, 2 year minimum driving record required with a clean driving history

13. Wilson's position does not qualify for exemption under California's and the Federal Labor and Standards Act's ("FLSA") inside sales/commission exemption because, among other things, Wilson

3
COMPLAINT

did not regularly receive more than half of his compensation from commissions. Based on information and belief, no Owner or Sales Advisors received more than half of their compensation from commissions. In fact, they did not earn commissions, which must be based on a percentage of the products sold. Even if their quarterly bonuses were deemed commissions, their bonuses never amounted to over 50% of their total compensation. Moreover, since Wilson and the other Owner and Sales Advisor regularly worked over 80 hours per pay period, they did not earn at least one-and-a-half times the minimum wage during a pay period.

14. Wilson's position also does not qualify for exemption under the other exempt categories, such as executive, administrative, professional, outside sales exemption, because his position, for example, does not require the requisite state issued license or certificate, an advanced or specialized degree, or consistent discretion and independent judgment. Nor did his position require him to manage staff or a department or general business operations. Nor does his position regularly involve sales conducted off-site.

15. Tesla required Wilson and the other Owner and Sales Advisors to work well over 8 hours per day, 40 hours per week, and 80 hours per pay period. Because Wilson and the other Owner and Sales Advisors should have been classified as non-exempt and paid an hourly wage, they did not receive at least minimum wage for all hours worked and overtime when they worked over 8 hours a day or 40 hours a week. Wilson and the other Owner and Sales Advisors were only compensated for 80 hours per pay period.

**Tesla Did Not Track or Provide Lawful Breaks**

16. Non-exempt employees in California are entitled to a duty-free, uninterrupted 30-minute meal break within the first five hours of work. Because Tesla misclassified Owner and Sales Advisors as exempt, it did not track or provide lawful meal breaks. Instead, Tesla encouraged, and often required, Owner and Sales Advisors either to work through meal breaks, take short meal breaks, or take late meal breaks to complete their workloads. Tesla also did not track meal breaks or compensate Wilson and other Owner and Sales Advisors an additional hour of compensation for missed meal breaks.

17. Non-exempt employees also are entitled to duty-free, uninterrupted 10-minute rest breaks for every 4 hours worked or major portion thereof. Because Tesla misclassified Wilson and other Owner

and Sales Advisors as exempt, it did not provide them with lawful rest breaks, but instead encouraged, and often required, them to work through their rest breaks to complete their workload. Tesla did not compensate Owner and Sales Advisors with an additional hour of pay for the missed rest breaks.

**Tesla's Practices Resulted in Improper Wage Statements And Unpaid Final Wages**

18. Based on the policies and practices set forth above, Tesla failed to provide Wilson and other Owner and Sales Advisors with proper wage statements in violation of Labor Code § 226 and based on information and belief, Tesla did not pay all final wages owed to terminated Owner and Sales Advisors under the Labor Code § 203.

**VII.   CLASS ALLEGATIONS**

19. **Collective and Class**: Plaintiff bring this action on behalf of himself and an ascertainable nationwide collective and statewide class consisting of:

> **FLSA Collective**
>
> All persons currently or formerly employed by Tesla, Inc. throughout the United States as an Owner Advisor, Sales Advisor, or any other similar sales position at any time since three years preceding the filing of this complaint.
>
> **California Class**
>
> All persons currently or formerly employed by Tesla, Inc. throughout California as an Owner Advisor, Sales Advisor, or any other similar sales position at any time since four years preceding the filing of this complaint.

20. **Ascertainablity:** The class and collective are ascertainable in that each member can be identified using information contained in Tesla's payroll and personnel records.

21. **Common Questions of Law or Fact Predominate:** There is a well-defined community of interest in the questions of law and fact affecting the class and collective. The questions of law and fact common to the class and collective predominate over questions that may affect individual members. These questions of law and fact include:

> i.  whether Tesla misclassified class members as exempt under California and federal law;

   **ii.** whether Tesla is required to pay overtime to class members under California and federal law for non-exempt employees;

   **iii.** whether Tesla is required to provide meal and rest breaks to class members under California law for non-exempt employees;

    **a.** whether Tesla is required to track class members' meal breaks under California law for non-exempt employees;

    **b.** whether Tesla kept accurate records of hours worked by class members as required by under California law for non-exempt employees;

    **c.** whether Tesla failed to furnish class members with accurate statements showing the total hours of pay owed to each class member, including penalties for meal periods and rest breaks not provided or allowed, as required by California law for non-exempt employees; and

    **d.** whether Tesla's systematic acts and practices violated California Business & Professions Code §§ 17200 *et seq.*

**22.** **Numerosity:** The class and collective are so numerous that the individual joinder of all members is impractical under the circumstances of this case.  While the exact number of class and collective members is unknown to Plaintiff at this time, Plaintiff is informed and believes the class and collective consist of at least hundred individuals, making individual joinder of class and collective members impracticable.

**23.** **Typicality:** Plaintiff, like the class and collective, worked at Tesla during the class and collective period and were subjected to Tesla's unlawful policies and commissions plans, thereby resulting in the withholding of earned wages.

**24.** **Adequacy:** Plaintiff will fairly and adequately represent and protect the class and collective's interests in that they have no disabling conflicts of interest that would be antagonistic to the class and collective.  Plaintiff seeks no relief that is antagonistic or adverse to the class and collective and the infringement of the rights and the damages he suffered are typical of all other members. Plaintiff retained competent counsel, experienced in class and collective action litigation and employment law, and intends to prosecute this action vigorously.

**25.    Superiority:**  The class and collective action format is a particularly efficient and appropriate procedure to afford relief to Plaintiff and the class and collective because:

    iv.  The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

    v.  This case essentially involves a single employer and a large number of individual employees with many relatively small claims with common issues of law and fact;

    vi.  If each class and collective member was required to file an individual lawsuit, Tesla would gain an unconscionable advantage since they would be able to exploit and overwhelm each class and collective member's limited resources with their vastly superior financial and legal resources;

    vii.  The costs of individual suits could unreasonably consume the amounts that would be recovered;

    viii.  Requiring each class and collective member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their immediate and/or future employment;

    ix.  Proof of a common business practice or factual pattern which Plaintiff experienced is representative of that experienced by the class and collective and will establish the right of each of the members to recover on the causes of action alleged; and

    x.  Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

**26.    Notice:**  Notice to the class and collective may be made by first-class mail addressed to all persons who have been individually identified by Tesla through access to its payroll and personnel records.  Alternatively, if Tesla cannot produce certain class and collective members' names and addresses, those class and collective members may be notified by publication in the appropriate media outlets, and by posting notices in Tesla's places of business.

## VIII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Failure To Pay Overtime Wages Under FLSA

### (By Wilson and the FLSA Collective Against Tesla)

27. Wilson re-alleges and incorporates all preceding paragraphs.

28. Under Title 29 U.S.C. § 207, Wilson and the FLSA Collective were entitled to receive overtime at a rate of 1.5 times their regular rate for any hours worked in excess of 40 hours in a week. During their employment for Tesla, Wilson and the FLSA collective worked over 40 hours in a week.

29. Tesla had a policy and practice of willfully not paying Wilson and the FLSA Collective overtime wages for overtime hours worked. Wilson and the FLSA Collective worked overtime without compensation. Their unpaid overtime work included the time spent in mandatory training sessions, as well as in the discharge of their regular work duties.

30. As a result, Wilson and the FLSA Collective suffered damages in an amount, subject to proof, to the extent they were not paid a proper overtime rate for all hours they worked over 40 hours in a week.

31. Wilson seek class-wide compensation for Tesla's unlawful conduct and will take the appropriate steps to notify and join the FLSA Class under 29 U.S.C. § 216(b) via written joinder consents.

32. Under Title 29 U.S.C. §§ 207 and 216(b), Wilson is entitled to recover the full amount of unpaid overtime wages, interest thereon, liquidated damages, reasonable attorney's fees and costs of suit.

### SECOND CLAIM FOR RELIEF

### Failure to Pay Minimum Wage

### (By Wilson and the California Class Against Tesla)

33. Wilson re-alleges and incorporates all preceding paragraphs.

34. Throughout the class period, Wilson and the California Class were misclassified as exempt employees and thereby were not compensated for all hours worked.

35. Tesla had a policy and practice of misclassifying employees as exempt when in reality they should have been non-exempt. Accordingly, employees were not paid for all hours worked even though Tesla was obligated to pay them from the moment they were on-duty until they were relieved of all duties.

1  Tesla failed to do this.

2  **36.** Wages are due to employees for "all hours worked" under IWC Order 4-2001 ¶4(a), California Labor Code section 1194 (all employees are entitled to minimum wage), and California Labor Code Section 510 (all employees are entitled to over time compensation in for hours worked in excess of eight per day and forty per week) and applicable California laws, rules, orders, requirements, and regulations. Tesla, however, refused to compensate sales and owner advisors for all wages earned and all hours worked.

**37.** Wages are due to employees for "all hours worked" under IWC Order 4-2001 ¶4(a) and applicable California laws, rules, orders, requirements, and regulations. Wilson and the California Class are entitled to compensation for the hours deducted from their time records during the class period, and thus request recovery of wages according to proof plus penalties, interest, attorney's fees and costs pursuant to sections 218.5, 510, and 1194 of the California Labor Code, IWC Order No. 4-2001, or any other California statutory, regulatory, or common law authority, as well as the assessment of any other statutory penalties against Tesla, in a sum as provided by the California Labor Code and other applicable California statutes and regulations.

### THIRD CLAIM FOR RELIEF

**Failure to Pay Overtime Compensation**

**(By Wilson and the California Class Against Tesla)**

**38.** Wilson re-alleges and incorporates all preceding paragraphs.

**39.** Pursuant to Section 1194 of the California Labor Code, Wilson may bring a civil action for overtime wages directly against the employer on behalf of himself and the class without first filing a claim with the Division of Labor Standards Enforcement. Further, such private actions have the support and approval of the Division of Labor Standards Enforcement.

**40.** Pursuant to Sections 510 and 1194 of the California Labor Code, among other applicable sections, it is unlawful to fail to provide overtime compensation to employees. During and throughout the course of Wilson's employment, he and the California Class were compelled to work in excess of eight (8) hours per workday, in excess of forty (40) hours per workweek, and/or on the seventh day of the workweek.

41.  On each and every occasion in which Wilson and the California Class were compelled to work in excess of eight (8) hours per workday, in excess of forty (40) hours per workweek, and/or for the first eight (8) hours on the seventh day of the workweek, Tesla failed and refused to compensate Wilson and the California Class at the rate of no less than one and one-half times the regular rate of pay.

42.  Under the provisions of California's Labor Code and the applicable Wage Orders issued by the Industrial Welfare Commission of California, Wilson and the California Class should have received overtime wages in a sum according to proof for the hours worked.

43.  Wilson requests recovery of overtime compensation according to proof, plus penalties, interest, attorney's fees and costs pursuant to Sections 218.5, 226, 510, 558, 1194, and 1197.1 of the California Labor Code, the relevant California Industrial Welfare Commission Wage Orders, or any other statutory, regulatory, or common law authority, as well as the assessment of any other statutory penalties against Tesla, in a sum as provided by the California Labor Code and other applicable California statutes and regulations.

44.  Wilson and the California Class have been deprived of their rightfully earned overtime compensation as a direct and proximate result of Tesla's failure and refusal to pay said compensation. Wilson is entitled to recover the unpaid balance of the full amount of the overtime premiums owing, including interest thereon, penalties, reasonable attorney's fees and costs of suit according to the mandate of the California Labor Code.

45.  Additionally, Labor Code §§ 201 and 202 require Tesla to pay all compensation due and owing to all formerly employed California Class members at the time employment was terminated. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, the employer is liable for penalties in the form of continued compensation for up to 30 workdays. Based up information and belief, Tesla willfully failed to pay upon termination all wages owed to the California Class who are no longer employed by Tesla and thus is liable to such class members for penalties pursuant to Labor Code § 203.

### FOURTH CLAIM FOR RELIEF

**Failure to Provide Meal Breaks**

**(By Wilson and the California Class Against Tesla)**

46. Wilson re-alleges and incorporates all preceding paragraphs.

47. Tesla is required to provide employees with duty free 30-minute meal breaks under IWC Order No. 4-2001 and Labor Code § 226.7. Tesla failed to provide these breaks and are not exempt from doing so.

48. Because Tesla misclassified Wilson and the California Class as exempt, Tesla failed to provide timely meal breaks. Tesla also failed to provide one hour of pay at the employee's regular rate of compensation for each workday a meal period was not provided.

49. By failing to keep adequate time records required by Labor Code §§ 226(a) and 1174(d), Tesla injured Wilson and the California Class and made it difficult to calculate the unpaid meal period compensation.

50. California Labor Code § 226.7(b) provides for one hour of additional pay at the employee's regular pay rate for each meal period that is not provided. Wilson and the California Class demand all applicable wages and penalties for their lost meal breaks, including the one hour's compensation due under California Labor Code §§ 226.7, 512 and IWC Order No. 4-2001, as well as reasonable attorney's fees and costs of suit, pursuant to California Labor Code §§ 203, 218.5, 226, 226.7 and 1194.

## FIFTH CLAIM FOR RELIEF

### Failure to Provide Rest Breaks

### (By Wilson and the California Class Against Tesla)

51. Wilson re-alleges and incorporates all preceding paragraphs.

52. At all times herein mentioned, Tesla was required to provide its employees with duty-free rest periods pursuant to IWC Order No. 4-2001 (12) and Labor Code § 226.7, among other sections.

53. Because Tesla misclassified Wilson and the California Class as exempt, Tesla failed to provide Wilson and the California Class with duty-free rest periods. There are no valid legal or applicable exceptions to the rest period requirement that would otherwise allow Tesla to avoid providing regular duty-free rest breaks.

54. Wilson and the California Class request relief under California Labor Code § 226.7(b) and IWC Order No. 4-2001, which provide for additional pay for missed rest periods in a sum to be proven at trial, and demand reasonable attorney's fees and costs of suit, pursuant to California Labor Code §§ 230,

218.5, 226, 226.7 and 1194.

## SIXTH CLAIM FOR RELIEF

### Failure to Provide Proper Wage Statements

### (By Wilson and the California Class Against Tesla)

**55.**     Wilson re-alleges and incorporates all preceding paragraph.

**56.**     California Labor Code § 226(a) requires employers semi-monthly, or at the time of each payment of wages, to furnish each employee with a statement itemizing with the applicable pay rate and the total hours worked by the employee or other basis upon which compensation is determined.  California Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide such a statement, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

**57.**     Tesla knowingly and intentionally failed to furnish and continues to knowingly and intentionally fails to furnish proper wage statements to Wilson and the California Class, as required by California Labor Code § 226(a) because, among other things, the wage statements falsely understated Wilson's and the California Class' gross wages earned by failing to pay for all hours worked or meal and rest break wages.

**58.**     As a result, Tesla is liable to Wilson and the California Class for the amounts provided by California Labor Code § 226 in addition to attorney's fees, interest and costs of suit.

**59.**     Additionally, California Labor Code Section 1174(d) and Wage Order 4-2001(7) require Tesla to maintain and preserve, in a centralized location among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by its employees, and the wages paid to its employees.  Tesla has a uniform practice of knowingly and intentionally failing to comply with Labor Code §§ 1174 and 20 by, among other things, misclassifying employees as exempt and not paying them an hourly wage for every hour worked.

**60.**     By failing to keep adequate time records required by Labor Code Sections 226, 1174(d) and 2052, Tesla injured Wilson and the California Class and made it difficult to calculate the unpaid wages and unpaid rest and meal period compensation owed.  Wilson and the California Class are entitled

to up to $4,000 per class member.

## SEVENTH CLAIM FOR RELIEF

### Unlawful Business Practices

### (By Wilson and the California Class Against Tesla)

61. Wilson re-alleges and incorporates all preceding paragraphs.

62. The acts, omissions, and practices of Tesla as alleged herein constitute unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq.* of the California Business & Professions Code.

63. Throughout the class period, Tesla has engaged in "unlawful" business acts and practices based on the policies and practices described above, including, among other things, their: failure to compensate for all hour worked, failure to compensate for overtime, failure to provide breaks, and failure to provide accurate wage statements.

64. Throughout the class period, Tesla also engaged in "unfair" business acts or practices in that the harm caused by Tesla's nonpayment of the above-mentioned wages. Moreover, that conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Wilson and the California Class, and provides Tesla with an unfair competitive advantage over those employers that abide by the law and properly compensate their employees in accordance with the law.

65. Wilson reserves the right to allege other violations of California law that constitute unlawful acts or practices.

66. As a result of the conduct described above, Tesla has been and will be unjustly enriched at the expense of Wilson and the California Class. Specifically, Tesla has been unjustly enriched by the retention of wages earned and wrongfully withheld from Wilson and the California Class.

67. Tesla failed to acknowledge the wrongful nature of their actions. Tesla has not corrected their policies and practices or provided full restitution and disgorgement of all ill-gotten monies, thereby depriving Wilson and the California Class the minimum working conditions and standards due them under California Labor Laws and IWC Wage Orders.

68. Pursuant to the Section 17203 of the California Business & Professions Code, Wilson and

the California Class seek a court order requiring Tesla to disgorge all ill-gotten gains and awarding Wilson and the California Class full restitution of all monies wrongfully acquired by Tesla by means of such "unlawful" and "unfair" conduct, plus interest and attorney's fees under Section 1021.5 of the Code of Civil Procedure, so as to restore any and all monies to Wilson and the California Class and the general public which were acquired and obtained by means of such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by Tesla. Wilson and the California Class additionally request that the Court impound the funds or impose an asset freeze or constructive trust upon the funds. Wilson and the California Class may be irreparably harmed and/or denied and effective and complete remedy if such an order is not granted.

69. Pursuant to Section 17203 of the California Business & Professions Code, Wilson and the California Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring Tesla to keep accurate records of time worked, to ensure the payment of earned wages and missed meal and rest break wages, and to ensure future employees are afforded the meal and rest breaks mandated by California law.

## IX. PRAYER

70. Wilson prays for judgment against Tesla as follows:

   A. An order certifying the class and collective and designating: Plaintiff as the Representative and Plaintiff's counsel as Class Counsel.

   B. That the Court preliminarily and permanently enjoin Tesla from engaging in the conduct alleged herein;

   C. Other injunctive and declaratory relief as may be appropriate;

   D. Restitution and disgorgement of owed wages, together with interest thereon from the date of payment;

   E. For statutory damages, liquidated damages, and penalties according to proof;

   F. For general damages in the form of owed wages and business expenses;

   G. A declaration that Tesla is financially responsible for notifying all class and collective members of the pendency of this action;

   H. Reasonable costs and attorneys' fees;

1       **I.**    Statutory pre-judgment interest; and

2       **J.**    For such other relief as the Court may deem proper.

## X. JURY DEMAND

**71.**    Wilson demands a jury trial for all triable claims.

Dated: June 29, 2017

AMARTIN LAW
BRENNAN & DAVID LAW GROUP

By: _____
ALISA A. MARTIN
Attorneys for Plaintiff and the Class and Collective