Alisa A. Martin, State Bar No. 224037
**AMARTIN LAW, PC**
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 308-6880
Facsimile: (619) 308-6881
alisa@amartinlaw.com

Lindsay C. David, State Bar No. 283267
**BRENNAN & DAVID LAW GROUP**
2888 Loker Avenue East, Suite 302
Carlsbad, California 92010
Telephone: (760) 730-9408
Facsimile: (760) 888-3575
lcdavid@brennandavid.com

*Attorneys for Plaintiffs*

Jack S. Sholkoff, State Bar No. 145097
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:    213.239.9800
Facsimile:    213.239.9045
jack.sholkoff@ogletree.com

Attorneys for Defendants
TESLA, INC. DBA TESLA MOTORS, INC.
AND TESLA MOTORS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WILSON, CARRIE HUGHES, AND KATIA SEGAL, on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>TESLA, INC., a corporation dba TESLA MOTORS, INC., and TESLA MOTORS, INC., a corporation,<br><br>        Defendants. | Case No. 3:17-CV-03763-JSC<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER APPROVING MODIFIED SETTLEMENT AGREEMENT AND REVISED NOTICE** |

This stipulation is entered into by and between Plaintiffs Brian Wilson, Carrie Hughes, and Katia Segal ("Plaintiffs") on the one hand, and Defendants Tesla, Inc. and Tesla Motors, Inc. ("Tesla") (collectively, the "Parties"), on the other hand, by and through their undersigned counsel of record, with reference to the following facts and recitals:

WHEREAS, the Parties agreed to resolve the instant dispute by Joint Stipulation (hereafter "Settlement Agreement") dated May 1, 2018;

WHEREAS, the Parties agreed to a $1,000,000 settlement.

WHEREAS, the Court granted Preliminary Approval ("Preliminary Approval Order") [Docket No. 33] of the Parties' resolution of the instant action and approved notice to be mailed to the Class on September 26, 2018;

WHEREAS, the parties agreed to modify the Settlement Agreement to reduce the settlement amount from $1,000,000 to $986,000 and for Tesla to pay its share of payroll taxes outside of the settlement.

WHEREAS, the Settlement Agreement included an escalator clause, which provided that the total number of workweeks were 13,691 and the total amount of the Class Settlement would be proportionally increased to the extent the final workweeks exceed 13,691 by more than 10%.  The total workweeks are 15,626, which is 14.13% greater than 13,691 triggering the aforementioned clause and increasing the settlement by 4.13% from $986,000 to $1,026,755.

WHEREAS, Tesla changed its policies and practices on January 29, 2018 by reclassifying all Owner Advisors, Sales Advisors, or similar positions working in California from "exempt" to "non-exempt."

WHEREAS, paragraph 63 of the Settlement Agreement allows the parties to modify or amend the Stipulation by a written instrument signed by counsel for all parties or their successors-in-interest.

WHEREAS, the parties now wish to modify the Settlement Agreement in order to reflect the following changes:

- The Settlement Amount is reduced from $1,000,000 to $986,000.  After application of the escalator clause, the Settlement Amount is increased from $986,000 to $1,026,755.  The Settlement Amount is also modified so that it excludes Tesla's share of payroll taxes.

Tesla shall pay its share of payroll taxes outside of the Settlement Amount.

- The Class Period, Class Members, and Release are modified so that they end on January 28, 2018.

IT IS THEREFORE STIPULATED AND AGREED, by and between the undersigned counsel as follows:

1. The Class Notice shall be modified as reflected in Exhibit 1 hereto.

2. The Information Sheet shall be modified as reflected in Exhibit 2 hereto.

3. The definition of "Class Members" is modified to read as follows:

   All employees of Tesla who worked in California from June 28, 2013 to January 28, 2018 as an owner advisor, sales advisor, or another similar exempt sales position at any time during the Class Period.

4. The definition of "Class Period" is modified to read as follows:

   Class Period means the period from June 29, 2013 to January 28, 2018.

5. The definition of "PAGA Representative Group" is modified to read as follows:

   All Employees of Tesla who worked in California from June 29, 2016 to January 28, 2018 as an owner advisor, sales advisor, or another similar exempt sales position.

6. The definition of "PAGA period" is modified to read as follows:

   The period from June 29, 2016 to January 28, 2018.

7. The definition of "Settlement Amount" is modified to read as follows:

   The amount Defendants shall pay in connection with this Settlement, by way of a common fund, which shall be inclusive of all Individual Settlement Awards to Participating Class Members, Class Counsel Award, Settlement Administration Costs, Class Representative Service Awards, and the PAGA payment to the LWDA.  Subject to Court approval and the terms of this Stipulation, the Settlement Amount Defendants shall be required to pay is One Million Twenty Six Thousand Seven Hundred Fifty Five Dollars ($1,026,755).

8. The definition of "Net Settlement Amount" is modified to read as follows:

   The Settlement Amount, less Class Counsel Award, Class Representative Service Awards, PAGA payment to the LWDA, and Settlement Administration Costs.

9.    The definition of "Released Class Claims" with respect to the Participating Class Members (including Plaintiffs) shall be modified to read as follows:

Any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown that have been, could have been or might in the future be asserted by Plaintiffs, or the Class Members or any of their respective heirs, executors, administrators, beneficiaries, predecessors, successors, attorneys, assigns, agents and/or representatives arising out of any claims that were or could have been encompassed in the Action, and any claims which reasonably flow from the facts alleged in Plaintiffs' Complaint, First Amended Complaint, Second Amended Complaint, including, but not limited to, 1) failure to pay minimum wages under California law; (2) failure to provide overtime under California law; (3) failure to provide meal periods under California law; (4) failure to provide rest breaks under California law; (6) failure to provide accurate wage statements under California law; (7) failure to provide final wages under California law; (8) unlawful business practices in violation of California's Business and Professions Code; and (9) penalties pursuant to PAGA, and any other claims for unpaid wages (including claims for minimum wage, overtime, and meal period and rest period premiums), interest, penalties (including waiting time penalties pursuant to Labor Code section 203, pay stub penalties pursuant to Labor Code section 226, and civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004 (Labor Code sections 2698, et seq.) ("PAGA")), claims pursuant to Labor Code sections 200, 201, 202, 218.5, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1198, and 1199, the Industrial Welfare Commission Wage Orders, claims under the Fair Labor Standards Act, and claims under Business and Professions Code sections 17200, et seq., claims for attorneys' fees and costs, conversion, fraud, common count, and unfair business practices occurring on or before January 28, 2018. Released Claims include all claimed or unclaimed compensatory, consequential, incidental, liquidated, punitive and exemplary damages, restitution, interest, costs and fees, injunctive or equitable relief, and any other remedies available at law or equity

allegedly owed or available to the Class arising or reasonably flowing from the Second Amended Complaint against the Released Parties for the time period from the beginning of time up to and including January 28, 2018

10.    Section 55(f) entitled "Employers' Share of Payroll Taxes" shall be modified to read as follows:

The Employers' Share of Payroll Taxes shall be paid outside of the Settlement Amount. The Settlement Administrator shall calculate the amount of the Employers' Share of Payroll Taxes and shall remit and report the applicable portions of the payroll tax payment to the appropriate taxing authorities in a timely manner.

11.    Any other provisions of the Settlement Agreement not modified herein shall remain in full force and effect.


IT IS SO STIPULATED.


DATED:  December 20, 2018                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Jack S. Sholkoff
JACK S. SHOLKOFF
RACHEL J. MOROSKI
Attorneys for Defendants
TESLA, INC. and TESLA MOTORS, INC.

[signatures continue]

DATED:  December 20, 2018          AMARTIN LAW


By:  /s/ *Alisa A. Martin*
      ALISA A. MARTIN
      Attorney for Plaintiffs
      BRIAN WILSON, CARRIE HUGHES,
      and KATIA SEGAL


DATED:  December 20, 2018          BRENNAN & DAVID LAW GROUP


By:  /s/ *Lindsay David*
      LINDSAY C. DAVID
      Attorneys for Plaintiff
      BRIAN WILSON, CARRIE HUGHES,
      and KATIA SEGAL

ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated:_____          _____
                                        Hon. Jacqueline Scott Corley
                                        UNITED STATES MAGISTRATE JUDGE

EXHIBIT 1


NOTICE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WILSON, CARRIE HUGHES, AND KATIA SEGAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>TESLA, INC. a corporation dba TESLA MOTORS, INC., and TESLA MOTORS, INC., a corporation,<br><br>Defendant. | Case No. 3:17-cv-03763-JSC<br><br>Assigned for All Purposes To:<br>Judge: Honorable Jacqueline Scott-Corley<br>Courtroom F<br><br>**NOTICE OF SETTLEMENT OF CLASS AND REPRESENTATIVE CLAIMS** |

**If you worked for TESLA, INC. or TESLA MOTORS, INC. ("Tesla") as an owner advisor, sales advisor, or another similar exempt sales position in California at any time between June 29, 2013 and January 28, 2018, then you may be entitled to a cash payment under this Settlement.**

**If you received this Notice, you most likely are entitled to a cash payment**.

*A Federal District Court Judge for the Northern District of California has authorized this notice. This is not a solicitation from a lawyer.*

**If you are a member of the class, you will be bound by this Settlement and your rights will be affected by this litigation unless you exclude yourself from the class as explained below. PLEASE READ THIS NOTICE CAREFULLY.**

- A former Tesla employee initiated a lawsuit in the Federal District Court for the Northern District of California asserting that Tesla violated California law by failing to provide meal and rest breaks and by misclassifying Owner Advisors as "exempt," resulting in the failure to provide overtime compensation.

- Tesla denies these allegations. The Court has not decided the merits of these claims.

- To avoid further litigation expenses, Tesla agreed to a class settlement. This Notice explains your rights under this Settlement.

- Your legal rights are affected by this Settlement and you have a choice to make now:

| SUMMARY OF WHAT TO DO | |
|---|---|
| **DO NOTHING** | **Please see the enclosed Information Sheet for Your estimated portion of the settlement.**<br><br>**To receive your estimated portion, you do not need to do anything.  *However, the settlement is contingent on final approval by the Court.  Additionally, Tesla has the option to withdraw from the settlement if more than 10% of class members ask to be excluded from the Settlement.***<br><br>If you do nothing, you give up your right to sue Tesla for the claims released by this Settlement. |
| **ASK TO BE EXCLUDED** | This will remove you from the Class and you will receive no settlement money.  But you will keep your rights to pursue your claims against Tesla in a separate action.<br><br>If you want to exercise this option, you must do so by – [INSERT DATE – 60 DAYS FROM MAILING], as described in Section 12, below. |
| **OBJECT** | If you don't like the Settlement, you can file an Objection with the Court and explain why so.<br><br>If you want to exercise this option, you must do so by – [INSERT DATE – 60 DAYS FROM MAILING], as described in Section 13, below. |

These rights and options—**and the deadlines to exercise them**—are explained below.

**Any questions?** Read on.

| TABLE OF CONTENTS |
|---|

**BASIC INFORMATION** .................................................................................. 3

1. Why did I get this notice? ..................................................................................3
2. What is this lawsuit about? ...............................................................................4
3. Why is there a settlement? ...............................................................................4

**THE SETTLEMENT BENEFITS—WHAT YOU GET**........................................... 4

4. What does the settlement provide? ...................................................................4

5.   What claims am I releasing as part of this lawsuit? ................................................5
6.   How is my estimated payment determined? ................................................................6
7.   What if I disagree with the number of weeks used to calculate my estimated settlement
amount? ................................................................................................................................7
8.   Is the settlement fair? ................................................................................................8
9.   Can Tesla retaliate against me? ................................................................................8

**YOUR RIGHTS AND OPTIONS** ................................................................................ **8**

10.  How do I receive money from the settlement? ..........................................................8
11.  If I want to be part of the settlement, is there anything that can prevent me from receiving
payment? ...............................................................................................................................8
12.  How do I exclude myself from the settlement? .........................................................9
13.  May I object to the settlement? ................................................................................9

**THE LAWYERS REPRESENTING YOU** ..................................................................... **10**

14.  Do I have a lawyer in this case? ..............................................................................10
15.  How will the lawyers be paid? .................................................................................10

**FINAL APPROVAL OF THE SETTLEMENT** ................................................................ **11**

16.  When will Final Approval of the Settlement Take Place? ........................................11
17.  What is the effect of Final Approval of the Settlement? .........................................11
18.  When will money be distributed under this Settlement? .........................................11

**GETTING MORE INFORMATION** ............................................................................... **12**

19.  How do I get more information? ..............................................................................12

**INFORMATION SHEET** ............................................................................................... **1**

<div style="background:black; color:white; text-align:center">

**BASIC INFORMATION**

</div>

| 1. | **Why did I get this notice?** |
|---|---|

A proposed settlement (the "Settlement") has been reached in a class action lawsuit entitled *Brian Wilson et al.  v. Tesla, Inc., et al.,* United States District Court for the Northern District of California Case No. 3:17-cv-03763-JSC (the "Lawsuit").

This Notice briefly describes the Lawsuit and informs you of your rights and options regarding the proposed Settlement, which, if approved, will resolve all claims against Tesla regarding misclassification, unpaid overtime, meal breaks, and rest breaks.

| 2. | What is this lawsuit about? |
|---|---|

Brian Wilson, Carrie Hughes, and Katia Segal ("Plaintiffs" or "Class Representatives"), former employees of Tesla, allege (on behalf of themselves and others similarly situated) the following claims against Tesla: (1) failure to pay all owed wages; (2) failure to provide legally compliant meal and rest periods, (3) failure to provide timely and accurate wage statements, (4) failure to provide final wages, (5) unlawful and/or unfair business practices in violation of California Business and Profession Code Section 17200 et seq. predicted on the above alleged violations. and (6) penalties pursuant to The Labor Code Private Attorneys General Act of 2004, California Labor Code Section 2698 et seq. ("PAGA").

Plaintiffs primarily allege that Tesla failed to provide Owner Advisors with meal and rest breaks and to pay one hour of additional pay for missed breaks. Plaintiffs further allege that Tesla misclassified Owner Advisors as exempt from overtime. In particular, Plaintiffs allege that they should not have been classified as exempt because over half of their income did not come from commissions, which is a requirement for the exemption.  As a result of the misclassification, Plaintiffs argue that Owner Advisors should have received overtime compensation when they worked over 8 hours a day or 40 hours a week.

Tesla denies that it did anything wrong and is confident that it has strong legal and factual defenses to the above claims.

The Court has not ruled on the merits of Plaintiffs' claims or Tesla' defenses.

| 3. | Why is there a settlement? |
|---|---|

Instead of going to trial, both sides agreed to a settlement to avoid the costs and risks of a trial.  This Settlement is a compromise reached after good faith, arm's length negotiations between Plaintiffs and Tesla (collectively, the "Parties") and is not an admission of liability on the part of Tesla.  Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair, adequate and reasonable.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| 4. | What does the settlement provide? |
|---|---|

Tesla will pay a settlement of $1,026,755 ("Settlement Amount") to end this lawsuit.

Class Members will receive a portion of the Net Settlement Amount, which is the $1,026,755 less payments of: (1) the amount payable to Wilson, Hughes, and Segal as an incentive award

of up to $10,000 each for a total of $30,000 as approved by the Court; (2) the sum of up to $333,333.33 as attorneys' fees and $20,000 in costs to Class Counsel as approved by the Court; (3) the Administrative Expenses of up to $15,000 as approved by the Court; and (5) the $50,000 payment to the California Labor & Workforce Development Agency for civil penalties.

| 5. | **What claims am I releasing as part of this lawsuit?** |
|---|---|

If you do not exclude yourself from the Settlement, you will be releasing your right to pursue claims against Tesla were or could have been asserted in this Lawsuit. The exact release language to which you will be bound is as follows:

**Released Claims:**

Any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown that have been, could have been or might in the future be asserted by Plaintiffs, or the Class Members or any of their respective heirs, executors, administrators, beneficiaries, predecessors, successors, attorneys, assigns, agents and/or representatives arising out of any claims that were or could have been encompassed in the Action, and any claims which reasonably flow from the facts alleged in Plaintiffs' Complaint, First Amended Complaint, Second Amended Complaint, including, but not limited to, 1) failure to pay minimum wages under California law; (2) failure to provide overtime under California law; (3) failure to provide meal periods under California law; (4) failure to provide rest breaks under California law; (6) failure to provide accurate wage statements under California law; (7) failure to provide final wages under California law; (8) unlawful business practices in violation of California's Business and Professions Code; and (9) penalties pursuant to PAGA, and any other claims for unpaid wages (including claims for minimum wage, overtime, and meal period and rest period premiums), interest, penalties (including waiting time penalties pursuant to Labor Code section 203, pay stub penalties pursuant to Labor Code section 226, and civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004 (Labor Code sections 2698, et seq.) ("PAGA")), claims pursuant to Labor Code sections 200, 201, 202, 218.5, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1198, and 1199, the Industrial Welfare Commission Wage Orders, claims under the Fair Labor Standards Act, and claims under Business and Professions Code sections 17200, et seq., claims for attorneys' fees and costs, conversion, fraud, common count, and unfair business practices occurring on or before January 28, 2018. Released Claims include all claimed or unclaimed compensatory, consequential, incidental, liquidated, punitive and exemplary damages, restitution, interest, costs and fees, injunctive or equitable relief, and any other remedies available at law or equity allegedly owed or available to the Class arising or reasonably flowing from the Second Amended Complaint against the Released Parties for the time period from the beginning of time up to and including January 28, 2018.

**Claims Excluded From the Release:**

This release excludes the release of claims not permitted by law, including workers' compensation, personal injury or discrimination claims. Moreover, this release excludes any wage and hour claims you may have against Tesla after January 28, 2018.

**"Released Parties:"**

Defendants Tesla and all of Tesla's current or former parent companies, subsidiary companies and/or related companies, partnerships, or joint ventures, and, with respect to each of them, all of their and/or such related entities' predecessors and successors, and, with respect to each such entity, all of its past, present, and future employees, officers, partners, principals, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by, through, under, or in concert with any of the persons or entities listed in this subsection, and their successors.

Feel free to contact Class Counsel via email (alisa@amartinlaw.com or lcdavid@brennandavid.com) or telephone (619-308-6880 or 760-730-9408) if you have any questions regarding the scope of the release.

| 6. | How is my estimated payment determined? |
|---|---|

Your estimated settlement amount is based on the percentage of total weeks you worked as an exempt employee[1] compared to the total weeks that all exempt Owner Advisors worked at Tesla between June 29, 2013 and January 28, 2018 (which is referred to as the "Class Period"). That percentage is then multiplied by the total funds that will be available to distribute to the Class.

| # of weeks you worked | ÷ | Total # of weeks the class worked | = | Your Percentage of settlement amount |
|---|---|---|---|---|
| Net Settlement Fund | x | Your Percentage of settlement amount | = | Your settlement amount |

An example of how this calculation works is provided below; **however, please note that the numbers used below are for illustrative purposes only and do not reflect the actual numbers that will be used to calculate you estimated settlement amount.**

- Assume all class members combined worked a total of 10,000 weeks during the Class Period and you personally worked 50 of those weeks. Your percentage would be 50/10,000 = 1/2% or .5% of the total workweek. Now assume $500,000 is available to be distributed among

---

[1] Tesla reclassified Owner Advisors from exempt to non-exempt on January29 2018. This means that any work weeks worked by Owner Advisors after January 29, 2018 are not included in this settlement.

class members after subtracting all fees, costs, and other payments.  Your estimated settlement amount would be ½% or .5% of $500,000, which amounts to $2,500.

- **The actual number of weeks used to calculate your estimated settlement amount is listed on the Information Sheet, which is a separate document enclosed with this notice**.

- The total number of weeks worked by all class members is 15,626.  This number may decrease if anyone decides to be excluded from the Settlement.  Typically, only a small number of class members, if any, will exclude themselves from a settlement.  As such, the total number of workweeks by all class members will likely not significantly decrease.

Due to mandated tax withholdings applicable to the wage portion of each Settlement Award, your estimated settlement amount may be less due to regular wage withholdings because 1/3 of your settlement amount will be treated as wages and 2/3 will be treated as penalties and interest.  Please note that nothing in this Notice or the Settlement is intended to constitute tax advice.  You should consult your own tax advisor for such advice.

Additionally, if you worked as an exempt owner advisor at any time between June 29, 2016 and January 28 2018, you are entitled to an additional share under the settlement reached for penalties under the Private Attorneys General Act ("PAGA").  The total penalties to be disbursed to Class Members are $12,500.

Your estimated settlement amount is based on the percentage of total weeks you worked as an exempt employee compared to the total weeks that all exempt Owner Advisors worked at Tesla between June 29, 2016 and January 28, 2018].  That percentage is then multiplied by $12,500.

| 7.  **What if I disagree with the number of weeks used to calculate my estimated settlement amount?** |
|---|

If you disagree with the number of weeks that you worked between June 29, 2013 and January 28, 2018 as specified on your Information Sheet, you must complete Section 3 on the Information Sheet and return with all documentation to support your position **to the Settlement Administrator via email at claims@ilymgroupclassaction.com, fax at (888-845-6185) or mail at 14771 Plaza Drive, Suite L, Tustin, CA 92780** by [INSERT DATE THAT IS 60 days after mailing].

The Settlement Administrator will review your Information Sheet and supporting documentation, as well as Tesla's records, to resolve your dispute.  If the Settlement Administrator is unable to resolve the dispute, Plaintiffs' attorneys and Tesla's attorneys will try and resolve the dispute, using a mediator if necessary.  If they are unable to resolve the dispute, the Court will resolve the dispute.  Tesla's records are presumed accurate unless you submit verifiable evidence to the contrary.

**See the Information Sheet for your specific estimated settlement amount.**

| 8. | Is the settlement fair? |
|---|---|

Class Counsel is experienced in class action litigation and has a duty to represent the interests of all Class Members. Based on analyzing the law concerning the claims, analyzing records, making factual investigations, considering risks involved in further litigation, ensuring that the Class receives payment without having to wait for years of protracted litigation with no certainty of success, and using a professional third-party mediator to assist in reaching a fair settlement of this lawsuit, Class Counsel believes the Settlement is fair, adequate and reasonable. Additionally, the Court has reviewed the Settlement and has preliminarily determined the Settlement to be fair.

| 9. | Can Tesla retaliate against me? |
|---|---|

No.  Tesla represents that it will not retaliate against any employee as a result of his or her participation in the Settlement.  Moreover, it is unlawful for Tesla to retaliate against anyone who participates in the Settlement. If you or anyone else is being retaliate against, immediately report this to Class Counsel by calling or emailing Alisa A. Martin at (619) 308-6880,     alisa@amartinlaw.com     or    Lindsay    David    at    (760)    730-9408, lcdavid@brennandavid.com.

**YOUR RIGHTS AND OPTIONS**

**You have to decide whether to be included or excluded from the Settlement and you have to decide this NOW.**

| 10. | How do I receive money from the settlement? |
|---|---|

If you wish to receive money from the Settlement, you do not need to do anything.

| 11. | Is there anything that can prevent me from receiving money under the Settlement? |
|---|---|

There are generally three scenarios that could prevent you from receiving money under the Settlement:

- First, if more than 10% of the Class Members ask to be excluded from the settlement, Tesla could exercise its option to withdraw from the Settlement.

- Second, the Court could find that the Settlement is not fair or reasonable and deny final approval.

- Third, the Court could grant final approval, but that decision could subsequently get reversed on appeal.

| 12. | How do I exclude myself from the settlement? |
|---|---|

**You may request to be excluded from the Settlement and Class by submitting to the Settlement Administrator a request for exclusion which must: (1) contain your name and the last 4 digits of your Social Security number; (2) be signed by you; and (3) be returned or postmarked by [INSERT] and returned to the Settlement Administrator via email at claims@ilymgroupclassaction.com, fax at (888-845-6185) or mail at 14771 Plaza Drive, Suite L, Tustin, CA 92780.**

If you submit a proper and timely request for exclusion, you will no longer be a member of the Class, and you will not be eligible to receive any of the benefits under the Settlement or be entitled to object to the terms of the Settlement. You also will not be bound by the terms of the Settlement, and you may pursue any claims that you may have, at your own expense, against the Defendants.

Please note that all class members are potentially bound to an arbitration agreement, which means if you exclude yourself from this Settlement, there is a reasonable chance that you will be precluded from pursuing your claims in court and having your case tried before a jury. Instead, you may have to pursue your claims against Tesla in arbitration. The parties have disputed the scope and impact of the arbitration agreements in this case, but the Court has not issued any rulings in this Lawsuit on the matter.

| 13. | May I object to the settlement? |
|---|---|

If you do not exclude yourself from the Settlement and the Class, as provided in Section 12 above, and you have objections or serious concerns with the settlement, you may inform the Court about your objections or concerns by filing a written objection.

To be valid, the objection must (i) be in writing and signed by you, (ii) identify each specific objection, as well as its basis and any legal support for each objection, (iii) your full name and address, and (iv) be postmarked, emailed, faxed or delivered to the Settlement Administrator (see contact information below), Class Counsel (see contact information in Section 14 below) or the Court no later than _____ sixty (60) days after mailing.

Settlement Administrator Contact Information:
Email: claims@ilymgroupclassaction.com
Address: 14771 Plaza Drive, Suite L, Tustin, CA 92780
Fax: (888) 845-6185

If you submit an objection, you may appear at the Final Approval Hearing (discussed below in Section 16) to address your objection. You may appear either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

Based on the objection, the Court may deny approval of the Settlement, which means no settlement payments will be sent out and the lawsuit will continue.

## THE LAWYERS REPRESENTING YOU

### 14.    Do I have a lawyer in this case?

The Court has approved the law firms of AMartin Law, PC, and Brennan & David Law Group to represent you and other Class Members in this class action. These lawyers are called Class Counsel. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| CLASS COUNSEL | |
|---|---|
| Alisa A. Martin<br>AMARTIN LAW, PC<br>600 West Broadway, Suite 700<br>San Diego, CA 92101<br>Tel: (619) 308-6880<br>alisa@amartinlaw.com | Lindsay C. David<br>BRENNAN & DAVID LAW GROUP<br>2888 Loker Avenue E, Suite 302<br>Carlsbad, CA 92010<br>Tel: (760)730-9408<br>lcdavid@brennandavid.com |

### 15.    How will the lawyers be paid?

Class Counsel will ask the Court to approve a payment of Attorneys' Fees of up to $333,333.33 of the Gross Settlement Amount and costs up to $20,000, which will be paid out of the Total Settlement Amount. These attorney's fees will pay Class Counsel for bringing the lawsuit on your behalf, investigating the facts, litigating the case, negotiating the Settlement, and incurring costs. Tesla will not to oppose these attorney's fees or costs. The Court may award less than the requested amount.  The Court will not approve a request for attorneys' fees until the final approval hearing.  Class Counsel will file their request for attorneys' fees by Insert date that is 30 days after mailing.  You may review and object to the motion for Attorneys' Fees and Costs by following the procedures in Section 13 above.  You can obtain a copy of Class Counsel's request for attorneys' fees by requesting a copy from Class Counsel via email at lcdavid@brennandavid.com, going to www.tesla-owner-advisor-lawsuit.com, or going to the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. For more detailed instructions, please see section 16 below.

## FINAL APPROVAL OF THE SETTLEMENT

### 16.    When will Final Approval of the Settlement Take Place?

The Court will hold a Final Approval Hearing on _____ at _____a.m. in Courtroom F of the San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102.

The date of the final approval hearing may change without further notice. To confirm that the date has not changed, please email Class Counsel at lcdavid@brennandavid.com, go to the settlement website located at tesla-owner-advisor-lawsuit.com, or going to the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. For more detailed instructions, please see section 16 below.

You may attend and you may ask to speak, but you don't have to.

### 17.    What is the effect of Final Approval of the Settlement?

If the Court enters an order granting final approval of the Settlement, and that order is not appealed, all Class Members (except those who request to be excluded) will receive a check via mail and will be bound by the Settlement terms, including the release set forth in Section 5 above.

### 18.    When will money be distributed under this Settlement?

If the Court grants final approval of the Settlement and enters judgment within 30 days of the final approval hearing and (2) no one appeals the decision, checks will be mailed out by approximately INSERT DATE THAT IS 60 DAYS FROM FINAL APPROVAL HEARING].

**Please note** that this estimated mailing date will be pushed out if the Court delays entering a final approval order and judgment or if someone appeals the Court's decision.  If the estimated mailing date is delayed or if the Settlement does not receive final approval, information about the delay or nonapproval will be posted at www.tesla-owner-advisor-lawsuit.com.

## GETTING MORE INFORMATION

| **19.**  **How do I get more information?** |
| --- |

You may contact Class Counsel at the addresses listed in Section 14 above without having to pay for any attorneys' fees. You also have the right to speak with an attorney of your choosing at your own expense. Please do not contact the Court.

This Notice only summarizes the Lawsuit, the Settlement and related matters. For copies of the pleadings filed in this case, you may go to the website www.tesla-owner-advisor-lawsuit.com or email Class Counsel at lcdavid@brennandavid.com.

You may also access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

If your address changes, or is different from the address on the envelope enclosing this Notice, please promptly notify the Settlement Administrator.

**PLEASE DO NOT CONTACT THE COURT ABOUT THIS SETTLEMENT NOTICE**

EXHIBIT 2

**INFORMATION SHEET**

*BRIAN WILSON  v. TESLA, INC., et al.*
District Court for the Northern District of California Case Number 3:17-cv-03763-JSC

Please complete, sign, date and return this Form to ILYM Group via email at claims@ilymgroupclassaction.com, mail at  14771 Plaza Drive, Suite L, Tustin, CA 92780, or fax: (888) 845-6185 **ONLY IF** (1) your personal contact information has changed, and/or (2) you wish to dispute any of the items listed in Section (III), below.  It is your responsibility to keep a current address on file with the Settlement Administrator.

**(1) YOUR INFORMATION**

<<Name>>                                            Name/Address Changes, if any:
<<Address>>                                         _____
<<City>>, <<State>> <<Zip Code>>                    _____
                                                    _____

**(2) information Used to Calculate Your Settlement Amount:**

According to Tesla, Inc.'s ("Tesla's") records:

You worked _____ weeks between June 29, 2013 and January 28, 2018 as an exempt employee for Tesla;

You worked _____ weeks between June 29, 2016 and January 28, 2018 as an exempt employee for Tesla;

Based on the above, your Settlement Share is estimated at $_____.

**(3) If you disagree with items (a), (b), and/or (c) in Section (III) above, please explain why in the space provided below and include copies of any supporting evidence or documentation with this Form:**

_____
_____
_____
_____
_____
_____

If you dispute the above information from Tesla's records, Tesla's records will control unless you are able to provide documentation that establishes otherwise and that Tesla's records are mistaken.  If there is a dispute about whether Tesla's information or yours is accurate, and the dispute cannot be resolved between the parties, the dispute will be resolved by the Court.

**Date: _____**                                    **Signature:**

**_____**

-1-

**ANY DISPUTES, ALONG WITH ANY SUPPORTING DOCUMENTATION, MUST BE DELIVERED, FAXED, EMAILED, OR POSTMARKED NO LATER THAN <<RESPONSE DEADLINE>>**

**EMAIL OR MAIL TO:**
**Claims Administrator**
**c/o ILYM GROUP**
Email: claims@ilymgroupclassaction.com
Address: 14771 Plaza Drive, Suite L, Tustin, CA 92780
Fax: (888) 845-6185

34709020.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.


DATED:  December 20, 2018                     AMARTIN LAW, PC
                                              BRENNAN & DAVID LAW GROUP



                                              By:  /s/ *Lindsay David*
                                                   LINDSAY DAVID
                                                   Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served December 20, 2018, with a copy of this document via e-mail/electronic service.  I certify that all parties in this case are represented by counsel who are CM/ECF participants.  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

*s/  Lindsay C. David*

1