Alisa A. Martin, State Bar No. 224037
**AMARTIN LAW, PC**
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 308-6880

Lindsay C. David, State Bar No. 283267
**BRENNAN & DAVID LAW GROUP**
2888 Loker Avenue East, Suite 302
Carlsbad, California 92010
Telephone: (760) 730-9408

*Attorneys for Plaintiffs*

Jack S. Sholkoff, State Bar No. 145097
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800

Attorneys for Defendants
TESLA, INC. DBA TESLA MOTORS, INC.
AND TESLA MOTORS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WILSON, CARRIE HUGHES, AND KATIA SEGAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., a corporation dba TESLA MOTORS, INC., and TESLA MOTORS, INC., a corporation,<br><br>Defendants. | Case No. 3:17-CV-03763-JSC<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>**DATE: March 11, 2019**<br>**TIME: 9:00 AM**<br>**HON. JACQUELINE SCOTT CORLEY** |

On March 1, 2019, pursuant to the joint request of the attorneys for plaintiffs and defendant, the Court scheduled a Status Conference for March 11, 2019 at 9:00 AM. (Dkt. No. 48.)

## I. ISSUES

The parties requested the Status Conference to address the following issues:

1. ***Workweeks may be understated for up to 11 Class Member resulting from either an earlier reclassification or because of position variances.*** Telsa has learned that up to 11 Class Members' workweeks, including named Plaintiff Katia Segal may have understated a total of 459 workweeks for the class period.

2. ***Workweeks are overstated for 5 class members.*** As part of the audit triggered by Plaintiff Segal's inquiry, Tesla also contends it overstated the number of workweeks for 5 Class Members. There are 41 overstated workweeks at issue.

3. ***Workweeks may be understated for 2 additional Class Members resulting from an alleged change in job title.*** Two Class Members contend their workweeks were understated. Tesla's records indicate that the Class Members changed jobs at Tesla and that there is no understatement for these 2 Class Members.

    a. Class Member Kyle Fritz contends he worked from the beginning of the Class Period through the end of June 2014 as an Owner Advisor. Tesla contends he started working as an Owner Advisor on November 1, 2013 through the end of June 2014. The workweeks are issue are 18.

    b. Class Member Braden Hoyt contends he worked throughout the entire Class Period as an Owner Advisor. Tesla contends he began working as an Owner Advisor on October 26, 2015. Prior to this time, he served as a Product Specialist. The workweeks at issue are 122.

## II. PLAINTIFFS' POSITION

Plaintiffs' Counsel proposes that all of the 599 understated workweeks be included. This further triggers the escalation clause raising the settlement from $1,026,755 to $1,069,810.

After conferring with Tesla's attorney, it appears the classification issue is isolated to 11 Class Members and prior to the mass January 2018 reclassification, only 11 Owner Advisors had periods

(totaling 459 workweeks) in which they were alleged to be classified as "non-exempt." Plaintiffs' counsel has reviewed records from several Class Members who were allegedly reclassified and do not see any indication that they were in fact classified as non-exempt, compensated for overtime, or received meal and rest break premiums. Thus, Plaintiffs' Counsel proposes all of the workweeks be included.

As for the two Class Members whose workweeks were understated resulting from a change in position, Plaintiffs' counsel requests records from Tesla confirming the change in position. has not received any records from Tesla to date. If Tesla is able to provide documentation supporting the workweeks, Plaintiffs' Counsel will forward it to the Class Members. However, if Tesla is unable to provide the documentation, Plaintiffs' Counsel contends the workweeks should be included.

As for the 5 individuals with overstated workweeks. Notice has already been provided to these individuals based on the data that Tesla provided. Plaintiffs' Counsel does not believe their settlement shares should be reduced.

### III. DEFENDANT'S POSITION

Tesla recognizes that there are calculation and data issues in play and Tesla has been, and continues to, attempt to resolve them.

With regard to the 11 class members whose work weeks may have been understated, Tesla disagrees that they were understated, but for purposes of the resolution of this action, will not oppose adding these workweeks to the total settlement, which would potentially result in an increase of 459 work weeks, less the overstated workweeks of 41 workweeks, for a total potential increase of 418 workweeks or an additional settlement amount of $30,093.

As for the two individuals who claim that they served as Owner Advisors for time periods beyond those indicated by Tesla's records, Tesla does not believe that they should receive an increase in workweeks. Tesla has already informed Class Counsel of its records. It can provide print outs of its records, but it is not clear whether this information will be enough for Class Counsel.

With regard to the five class members who received overstated workweeks, Tesla contends that they should receive revised notices informing them of the change. There is no ground for overpaying these class members, and Plaintiff offers none. If the Parties are going to adjust the settlement amount, it should do so as accurately as possible.

3

3:17-CV-03763-JSC

Respectfully Submitted,

DATED: March 7, 2019      AMARTIN LAW

By: /s/ *Alisa A. Martin*
    ALISA A. MARTIN
    Attorney for Plaintiffs BRIAN WILSON, CARRIE HUGHES, and KATIA SEGAL

DATED: March 7, 2019      BRENNAN & DAVID LAW GROUP

By: s/*Lindsay David*
    Lindsay C. David
    Attorney for Plaintiffs BRIAN WILSON, CARRIE HUGHES, and KATIA SEGAL

DATED: March 7, 2019      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Jack S. Sholkoff*
    JACK S. SHOLKOFF
    RACHEL J. MOROSKI
    Attorneys for Defendants
    TESLA, INC. and TESLA MOTORS, INC.

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: March 7, 2019

AMARTIN LAW, PC
BRENNAN & DAVID LAW GROUP


By: /s/ *Lindsay David*
    LINDSAY DAVID
    Attorneys for Plaintiff

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served March 8, 2019, with a copy of this document via e-mail/electronic service. I certify that all parties in this case are represented by counsel who are CM/ECF participants. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

*s/ Lindsay C. David*

31164426.1